**GRANDEUR BLDG., Inc. v. JARECKI.**

No. 49 C 464.

United States District Court
N. D. Illinois, E. D.

June 22, 1950.

Herbert F. Geisler, Melville Mucklestone, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Dist. Atty., Northern Dist. of Ill., Chicago, Ill., Theron Lamar Caudle, Andrew D. Sharpe and Maurice P. Wolk, Sp. Assts. to Atty. Gen. of U. S., for defendant.

CAMPBELL, District Judge.

This is a suit involving income taxes for the years 1943 to 1946, both inclusive. Plaintiff seeks the following relief: (1) Refund of deficiency taxes assessed and paid for the years 1943 and 1944; (2) Cancellation of deficiency taxes erroneously assessed for the years 1945 and 1946. In his answer, defendant sets up the following legal defenses challenging the jurisdiction of the Court to entertain the suit: (1) As to the 1943 and 1944 taxes—no claim for refund has been filed with the Commissioner of Internal Revenue; (2) As to the 1945 and 1946 taxes—the deficiencies have been proposed but never actually assessed. A pre-trial conference of the cause was held, at which time the Court took the legal defenses set up in defendant's answer under advisement.

It is apparent on the face of the pleadings that the legal defenses are valid, precluding plaintiff from maintaining this action. Section 3772 of the Internal Revenue Code, 26 U.S.C.A. § 3772, provides:

"§ 3772. Suits for refund.

"(a) Limitations.

"(1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

In regard to the requirement of filing a claim for a refund, the Court of Appeals of this circuit has stated in United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 917, 106 A.L.R. 209: "* * * These requirements are jurisdictional and must be established by the person invoking the jurisdiction of the court. It is not in-

cumbent upon the United States to specially plead such requirements as a defense, and the District Court should have dismissed the suit for want of jurisdiction. * * * "

No claim having been filed for any of the tax years in question, it follows, therefore, that this Court lacks jurisdiction to hear the matter.

Insofar as the 1945 and 1946 taxes are concerned, there is an additional reason for barring plaintiff from relief. As stated in defendant's legal defense, the deficiency taxes for those years have never actually been assessed, although they have been proposed. In effect, then, plaintiff seeks to restrain such assessment, which action is specifically prohibited in Section 3653 of the Internal Revenue Code: "(a) Tax. Except as provided in sections 272 (a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. § 3653(a).

On motion of the Court, therefore, the cause is hereby dismissed for lack of jurisdiction.