Edwin J. BOHNEN, Executor of the Estate of Mary A. Bohnen, and individually; Theodore G. Bohnen and Virginia E. Bohnen, Plaintiffs,

v.

Carter H. HARRISON, individually and as Collector of Internal Revenue, Defendant.

Civ. A. No. 49 C 362.

United States District Court, N. D. Illinois, E. D.

Jan. 12, 1955.

McDermott, Will & Emery, Chicago, Ill., for plaintiffs.

Robert Tieken, U. S. Atty. for Northern Dist. of Illinois, Chicago, Ill., and H. Brian Holland, Asst. Atty. Gen., for defendant.

CAMPBELL, District Judge.

Under judgment entered November 9, 1951, this court granted the plaintiffs a refund of estate tax in the sum of $22,427.47, together with statutory interest, D.C., 100 F.Supp. 118. I ruled that the Commissioner of Internal Revenue erred in including in decedent's taxable estate the proceeds of certain life insurance

policies. Said judgment was also based in part on the grounds that the estate was entitled to a deduction, under Section 812(b) (2) of the Internal Revenue Code, 26 U.S.C.A. § 812(b) (2), for attorneys' fees and other administration expenses. At the time of this judgment, I reserved jurisdiction for the purpose of allowing the plaintiffs such further refund to which they may become entitled as a result of their having sustained liability for additional attorneys' fees and other expenses in connection with any appeal which the defendant might take from said judgment.

Accordingly, the plaintiffs have filed a petition for supplemental judgment asking for an additional refund of estate tax due them as a result of their having incurred said additional attorneys' fees and expenses in successfully defending the appeals of the judgment of this Court to the Court of Appeals for the Seventh Circuit, 199 F.2d 492, and to the United States Supreme Court, 345 U.S. 946, 73 S.Ct. 863, 97 L.Ed. 1371.

The defendant has answered the petition for supplemental judgment, alleging that this Court is without jurisdiction to entertain this petition since no claim for refund was filed with the Commissioner based on the grounds that the decedent's estate is entitled to a refund resulting from a deduction for additional attorneys' fees or expenses incurred in connection with the appeal or any other litigation.

After filing the answer to the petition for supplemental judgment, the defendant also filed a motion for relief from judgment under Rule 60 of the Rules of Civil Procedure, as amended, 28 U.S.C.A. This motion seeks to attack so much of the original judgment of this Court as resulted from the deduction of attorneys' fees and expenses from decedent's gross estate. The defendant contends that attorneys' fees and litigation expenses were not included in the refund claim filed by the decedent's estate and therefore this court is without jurisdiction in this respect. He argues that the court's jurisdiction was, and is, limited to the grounds for refund expressed in the claim for refund, said claim being based solely on the contention that the proceeds of the life insurance policies were erroneously included by the Commissioner in the decedent's taxable estate.

It is interesting to observe that the defendant, on appeal, did not object either to the allowance of attorneys' fees and expenses as a deduction from the decedent's gross estate or to the reservation by this Court of jurisdiction to make such further refund for additional attorneys' fees and expenses as would be incurred in defending the appeals from the original judgment.

Since both the defendant's answer to the petition for supplemental judgment and the defendant's motion for relief from judgment are based upon the same issues, my opinions hereinafter expressed will relate to both the petition for supplemental judgment and to the motion for relief from judgment.

The statutory basis for the defendant's position is former Section 3772(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a) (1), which provides as follows:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

A careful reading of the above section discloses no statutory provision relating to the question of the inclusion of attorneys' fees and expenses in a claim for refund. The dictates of this section are that before a suit is maintained in any

court, a claim for refund or credit must be filed in accordance with "the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Since the decedent died on June 29, 1942, the applicable Federal Estate Tax regulations are Regulations 105.

The governing sections of these regulations are Sections 81.96 and 81.34.

The pertinent part of Section 81.96 provides as follows:

"A claim for refund of estate tax, or for refund of interest or penalties, erroneously or illegally collected, should be made on the form prescribed by the Treasury Department (Form 843), and should be filed with the collector of internal revenue, although a claim will not be considered defective solely by reason of the fact that it is not made on the form or that it is filed with the Commissioner of Internal Revenue. The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. Any claim which does not comply with the requirements of the preceding sentence will not be considered for any purpose as a claim for refund. For deduction of attorneys' fees incurred in prosecuting a claim for refund, see section 81.34."

Obviously, the last sentence of the above-quoted provision specifically excludes attorneys' fees incurred in prosecuting a refund claim from the purview of Section 81.96.

The pertinent provision of Section 81.34 relating to attorneys' fees incurred in prosecuting a refund claim is as follows:

"A deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund should be claimed at the time such deficiency is contested or such refund claim is prosecuted. A deduction for such fees shall not be denied, and the sufficiency of a claim for refund shall not be questioned, solely by reason of the fact that the amount of the fees to be paid was not established at the time that the right to the deduction was claimed."

It is the court's opinion that the plaintiffs have complied with all the requirements of the Internal Revenue Code and the applicable estate tax regulations. The plaintiffs filed a claim for refund well within the statutory time limitation. It is true that the claim was based solely on the grounds that the proceeds of certain life insurance policies should not have been included in the decedent's taxable estate. However, this was the substance of the claim for refund, since any claim for the deduction of attorneys' fees incurred in prosecuting this claim for refund could only be collateral to the grounds outlined in the refund claim, as such fees would accrue only after the substantive claim was denied and the prosecution for refund commenced. Section 81.34 requires that a deduction for attorneys' fees incurred in prosecuting a claim for refund should be claimed at the time such refund claim is prosecuted and further provides that a deduction for such fees shall not be denied, and the sufficiency of a claim for refund shall not be questioned, solely by reason of the fact that the amount of the fees to be paid was not established at the time that the right to the deduction was claimed. At the time that it became necessary for the plaintiffs to prosecute their refund claim, they included in their complaint a prayer for the tax benefit resulting from the deduction from the gross estate of the attorneys' fees incurred in connection with such prosecution. This is all that the statute and the regulations require.

It is fundamental that the law does not require the performance of useless acts. Such would be the case if a taxpayer were required to set out, in a refund claim based on other grounds, a

claim for attorneys' fees incurred in prosecuting such refund claim. At the time a refund claim is filed, no such attorneys' fees will have been incurred, and, if the Commissioner denies the grounds upon which the claim is based, the claim for deduction of attorneys' fees would be denied as a matter of course. If the Commissioner allows the grounds upon which the refund claim is based, it is clear that no attorneys' fees would have to be incurred in prosecuting it. The reason behind the requirement of filing a claim for refund is to "apprise the Commissioner of the exact basis thereof" so that he might investigate the pertinent underlying facts and ascertain the applicable law in either granting or rejecting the claim. Clearly a claim for attorneys' fees need not be set forth in a claim for refund where they are not the essence of the claim but may arise only collaterally in the subsequent prosecution of the claim. Therefore, since this Court had jurisdiction to determine whether the proceeds of certain life insurance policies should be included in the decedent's taxable estate, then it follows that it also has jurisdiction to grant a deduction for attorneys' fees incurred as a consequence of successfully achieving such a determination.

The authorities cited by the defendant in support of his contentions in each case can easily be distinguished from the instant proceeding.

In Real Estate Title Co. v. United States, 309 U.S. 13, 60 S.Ct. 371, 84 L. Ed. 542, the Supreme Court held that, absent a waiver by the government, or a proper amendment, a petitioner could not, upon bringing suit, urge grounds to support a recovery which were completely different from the grounds set forth in his refund claim. United States v. Felt and Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025, is also similarly distinguished.

The Court of Appeals for the Seventh Circuit, in United States v. Chicago Golf Club, 84 F.2d 914, 916, merely held that the requirements "(1) that a claim

for refund must be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax [and] (2) that suit must be begun within two years after the disallowance of the claim" are substantive jurisdictional requirements. This ruling is not in conflict with my views expressed in this memorandum.

In Grandeur Building Inc., v. Jarecki, D.C., 92 F.Supp. 867, I held that where no claim for refund was filed this Court would lack jurisdiction to hear the matter. This holding does not support the defendant in the instant case.

Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187, is a case where a claimant, after successfully prosecuting a refund claim, filed suit for a deduction for attorneys' fees incurred in bringing the prior suit. The court was concerned with the question of whether the refund judgment must include the allowance for attorneys' fees and expenses incurred in the prosecution of the case as res judicata to any further claim. After the refund judgment referred to in the Van Dyke Case, Section 81.34 of Regulation 105 has been amended so as to do away with this res judicata problem, as this section provides that a deduction for attorneys' fees can be claimed at the time the refund claim is prosecuted. I retained jurisdiction of the original judgment herein in order to avoid any res judicata problem concerning the deduction of attorneys' fees incurred on the appeal. Therefore, Van Dyke v. Kuhl, supra, is no authority for the proposition that a claim for attorneys' fees incurred in an estate tax suit must be included in the claim for refund which forms the basis for the suit.

With reference to the further theories submitted by counsel for the plaintiff, any consideration of these arguments becomes unnecessary in view of the foregoing.

For the reasons heretofore stated, the motion for relief from judgment is denied and the petition for supplemental judgment is granted, and judgment will enter in accordance with the views ex-

**236**

pressed in this memorandum. The defendant is ordered to submit any objections he may have to the accuracy of plaintiff's recomputation of the tax payable on the decedent's estate, attached to the petition, within 30 days hereof. If such objections are not submitted, judgment for $2,248.45, together with interest, will enter on the motion of the plaintiff at any regular motion's call of this court.