**Andrew B. PLASSEY, Executor of the Will of Neil Plassey, Deceased, Plaintiff,**

v.

**Thomas C. KAVANAGH, Administrator of the Estate of Giles Kavanagh, Deceased, Defendant.**

Civ. No. 10069.

United States District Court, E. D. Michigan, S. D.

June 28, 1955.

Victor H. Wehmeier, Detroit, Mich., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Leland T. Atherton, Special Assts. to the Atty. Gen., Fred W. Kaess, U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

This opinion is filed in supplement to an opinion filed previously in this matter on May 21, 1954, in which it was determined on the basis of a trial to the Court that a certain transfer by decedent was not made in contemplation of death. The action was brought to obtain a refund of federal estate tax deficiency allegedly erroneously assessed by the Commissioner of Internal Revenue and paid to the Collector, and the earlier opinion determined such refund to be due plaintiff.

At the time of presentment of the proposed judgment to the Court, plaintiff included in said proposed judgment provision for adjustment in the net taxable estate on account of "additional executor's commissions, attorney fees and miscellaneous administration expenses incident to the prosecution of this cause." Based on said adjustment, the proposed judgment was in the amount of $11,994.-40, plus interest. The proposed judg-

ment submitted by defendant was for $9,966.98 with interest. Defendant protested the inclusion of such provision because of plaintiff's failure to have requested such allowance in his original claim for refund. Plaintiff then filed a "Motion For Order To Amend Complaint And To Take Testimony On Fees", which motion was allowed insofar as it was directed to the filing of an amended complaint. In his amended complaint plaintiff includes a demand that the fees and expenses in question be taken into account in redetermining the federal estate tax. In defendant's answer to the amended complaint, defendant denied plaintiff's right to recover "any amount as a deduction in redetermining decedent's federal estate tax liability for additional attorneys' and executor's fees and administration expenses not specifically demanded in plaintiff's claim for refund of said taxes."

Both parties have filed briefs with the Court directed to the propriety of the allowance of the deductions as sought herein. Defendant does not question the propriety of such an allowance as is here sought provided it is proved to be reasonable *and* provided that it is claimed at the proper point in the proceedings. According to defendant's theory, such proper point is in the original claim for refund. The Regulation involved is Treasury Regulation 105, Sec. 81.34 (26 CFR 81.34(b)), which reads as follows:

"A deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund should be claimed at the time such deficiency is contested or such refund claim is prosecuted. A deduction for such fees shall not be denied, and the sufficiency of a claim for refund shall not be questioned, solely by reason of the fact that the amount of the fees to be paid was not established at the time that the right to the deduction was claimed."

As to the meaning of the above, we are in agreement with the District Judge in the case of Bohnen v. Harrison, D.C., 127 F.Supp. 232, 234 when, in relation to this very point, he made the following observation:

"At the time that it became necessary for the plaintiffs to prosecute their refund claim, they included in their complaint a prayer for the tax benefit resulting from the deduction from the gross estate of the attorneys' fees incurred in connection with such prosecution. This is all that the statute and the regulations require.

"* * * Clearly a claim for attorneys' fees need not be set forth in a claim for refund where they are not the essence of the claim but may arise only collaterally in the subsequent prosecution of the claim."

Plaintiff's original complaint herein was the proper medium in which to have made his claim for the allowances here in question. He did not see fit to so do, and now, after the trial is completed, the opinion of the Court rendered, and judgment thereon to be entered, plaintiff seeks certain relief to which he is entitled unless precluded for lack of timely request.

In the case of Cleveland v. Higgins, 2 Cir., 148 F.2d 722 cited by the parties herein, wherein a similar type of refund was sought, the plaintiff asked no allowance for the fees claimed herein, but brought a second suit for refund based on such allowance. Plaintiffs were there met with a valid defense of res adjudicata, the Court holding that the first suit was the time and place for the allowance of the claimed fees. "There can be no doubt that the fees paid the attorneys for filing the first claim for refund and for their services in connection with the first suit are deductible as proper administration expenses in computing the net estate for taxation." Cleveland v. Higgins, supra, 148 F.2d 724. The Court there observed that the *claim for refund* should contain a claim for the type of allowance with which we are here concerned, even though it be only an estimate. To the

same effect is the holding in the case of Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187, citing the Cleveland case. This, of course, is the position taken by the defendant here, and it is one claimed by defendant to be of jurisdictional proportions. In the opinion of the Court in the VanDyke case, supra, which was a suit for refund based on fees incurred in prosecuting a prior refund suit, the Court concluded with the following:

"In reaching our conclusion in this case we have not overlooked the fact that § 81.34 of T.R. 105, in effect at the time of the prior litigation between the parties, has since been amended so as to provide that a deduction for attorneys' fees incurred in prosecuting a claim for refund shall be claimed at the time such refund is prosecuted. That fact does not change our conclusion." VanDyke v. Kuhl, supra, 171 F.2d 189. (The conclusion reached by the Court in the VanDyke case was based upon the principle of res adjudicata.)

It is apparent, therefore, that what was said in the Cleveland case, which antedates the VanDyke case, and in the VanDyke case regarding the propriety of claiming the allowance at the time of filing the claim for refund is hardly of force now in view of the addition to Sec. 81.34 which, since 1947, has provided for the claiming of the allowance at the time "such refund claim is prosecuted", there having been no such provision prior to the 1947 amendment to Sec. 81.34, which amendment is now denominated Sec. 81.34(b). See 26 CFR Cum.Supp., 81.34; 26 CFR 1947 Supp., 81.34; 26 CFR 81.34(b).

We are now at a point in our analysis of the problem where plaintiff is seeking by amended complaint, subsequent to trial and opinion of the Court, *but prior to entry of judgment,* to obtain relief to which he would be entitled had he requested it in his original complaint. Although the procedure here adopted by plaintiff does not meet with the approval of the Court, it is felt that in view of the liberality of the Federal Rules of Civil Procedure, 28 U.S.C.A., and more particularly Rules 15 and 54, and of the conceded objective that substantial justice be done, plaintiff should be permitted to obtain adjustment of refund for the allowances here sought, upon a showing of their reasonableness.

An order may be presented accordingly.