Edwin J. BOHNEN, Executor of the Estate of Mary A. Bohnen, and Individually; Theodore G. Bohnen and Virginia E. Bohnen, Plaintiffs-Appellees,

v.

Carter H. HARRISON, Individually and as Collector of Internal Revenue, Defendant-Appellant.

No. 11485.

United States Court of Appeals Seventh Circuit.

April 10, 1956.

Robert Tieken, U. S. Atty., Chicago, Ill., H. Brian Holland, Asst. Atty. Gen., Marvin W. Weinstein, Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., for appellant.

George S. Stansell, Chicago, Ill., William M. Emery, John J. Cassidy, Jr., Chicago, Ill., for appellees.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This case involves the allowance by the District Court of attorneys' fees and other expenses incurred in the prosecution by plaintiffs of a claim for refund of estate taxes which were illegally collected. Plaintiff Edwin J. Bohnen, as executor of the estate of his mother, Mary A. Bohnen, on October 14, 1945, filed a claim for the refund of estate taxes on the ground that the Commissioner of Internal Revenue had erroneously included in the decedent's gross estate the proceeds of a single premium life insurance policy purchased in 1935 on the decedent's life. At the time of her death in 1942 this policy had a value of $72,094.81. The Commissioner included this amount in the decedent's gross estate, insisting that she had made a gift of the amount of the premium on the policy to her children, and that this was therefore a "transfer * * * intended to take effect in possession or enjoyment at or after [decedent's] death" within the meaning of Section 811(c) of the Internal Revenue Code of 1939. 26 U.S.C.A. § 811 (1948). On this theory the Commissioner had charged and collected estate taxes, principal and interest in the amount of $26,954.38.

In the claim for a refund the executor contended that the decedent in 1935 made an absolute gift to her children of the premium on the policy; that thereafter decedent had no interest whatever in the policy, her children having collected all dividends on the policy for their own use and benefit; and that, therefore, the proceeds from the policy were not a part of the decedent's gross estate. The Commissioner by letter to the executor dated March 3, 1947, reported that the claim for refund was rejected "in its entirety."

Plaintiff Edwin J. Bohnen, as executor of his mother's estate and individually with the other heirs, then filed an action in the District Court for a refund of the alleged overcharge. In this complaint plaintiffs prayed for a judgment against the defendant "for the refund of the amount of tax resulting from the deduction from the gross estate of the attorneys' fees incurred *herein*." (Our emphasis.) The defendant's answer did not deny that attorneys' fees would be incurred, and expressly admitted that the District Court had jurisdiction of the case under 28 U.S.C.A. § 1340. In that action the court held that the Commissioner of Internal Revenue erred in including in the decedent's gross estate, for estate tax calculation, the proceeds of the life insurance policy; and judgment was entered November 9, 1951, granting plaintiffs a refund of $22,427.47, with statutory interest.

It was clearly shown by the recomputation of the estate tax which was attached as an exhibit to plaintiffs' motion for judgment, that $5,564.15 of this judgment was based on the ground that the estate was entitled to a deduction for administration expenses, including attorneys' fees and other expenses incurred in the prosecution in the court of the claim for the refund.

In the judgment the court also retained jurisdiction of the cause for the purpose of allowing the plaintiffs such further refund to which they might become entitled by reason of further expenses incurred, including attorneys' fees and other expenses, in any rehearing or appeal which the defendant might take.

The defendant did appeal and the judgment was affirmed by this court, Bohnen v. Harrison, 7 Cir., 199 F.2d 492. The Supreme Court granted certiorari, 345 U.S. 903, 73 S.Ct. 650, 97 L.Ed. 1340, but affirmed by a per curiam decision, 345 U.S. 946, 73 S.Ct. 863, 97 L.Ed. 1371, and on June 8, 1953, denied a rehearing, 345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1392. Thus it was definitely established that the Commissioner had committed error in refusing to allow a deduction of the proceeds of the insurance policy.

Neither in the District Court nor on appeal from the first judgment did the defendant raise any question as to the propriety of an allowance of the amount of expenses, including attorneys' fees, as a deduction or as to the retention by the District Court of jurisdiction to allow additional attorneys' fees in case of appeal.

On March 10, 1954, a year after the petition for rehearing had been denied by the Supreme Court, the defendant filed in the District Court a motion for relief from the original judgment under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In that motion the defendant for the first time questioned the allowance by that court under Section 812(b) (2) of the 1939 Code of a deduction of $5,564.15 for administration expenses, including attorneys' fees and other expenses incurred in the prosecution in the court of plaintiffs' claim for a refund. In that motion the defendant pointed out that the plaintiffs' original judgment was based in part on the allowance of administration expenses including attorneys' fees, and that no such ground for refund was made a part of the claim for a refund which was filed with the Collector of Internal Revenue.

The defendant in support of his motion cited Section 3772(a) (1) of the Internal Revenue Code of 1939, 28 U.S.C.A. § 3772 (1940), which provides that:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

In his motion the defendant also called attention to the regulation of the Bureau of Internal Revenue which requires that a claim for refund of estate tax "must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof." This regulation also provides that any claim which does not comply with the above requirements "will not be considered for any purpose as a claim for refund." Federal Estate Tax Regulations of the Bureau of Internal Revenue, Regulation 105, Section 81.96, 26 C. F.R. Sec. 81.96. However, the last sentence in Section 81.96 states: "For deduction of attorneys' fees incurred in prosecuting a claim for refund, see Section 81.34," thus clearly indicating that a claim for a deduction for attorneys' fees was covered by Section 81.34 and not by Section 81.96. Section 81.34 provides that an executor in filing the return "may deduct such an amount for attorneys' fees as has actually been paid or in an amount which at the time of such filing it is reasonably expected will be paid." Paragraph (b) of Section 81.-34 provides that: "A deduction for attorneys' fees incurred * * * in prosecuting a claim for refund should be claimed at the time such deficiency is contested *or such refund claim is prosecuted.*" (Our emphasis.)

By a decision rendered January 12, 1955, 127 F.Supp. 232, the District Court denied the defendant's motion for relief from the original judgment and granted plaintiffs' motion for a supplemental judgment in the amount of $2,248.45 for additional attorneys' fees and expenses incurred by the plaintiffs in the appeals taken by the defendant. It is from this judgment that this appeal is taken.

In this appeal the defendant earnestly contends that, since the attorneys' fees were not made a ground for refund in the claim filed with the Collector, the District Court had no jurisdiction to enter that part of the judgment which was based on the deduction from the gross estate of attorneys' fees incurred in prosecuting the claim for refund. This contention cannot be sustained. As we pointed out above, the plaintiffs' original complaint prayed for judgment for the amount of the tax resulting from the deduction from the

gross estate of the attorneys' fees incurred in the court action. The defendant's answer made no mention of attorneys' fees, but expressly admitted the allegations contained in Paragraph 1 of the complaint which stated that the court had jurisdiction of this matter under Section 1340, 28 U.S.C.A. That section of the Code provides that the District Courts shall have jurisdiction of any civil action arising under any act of Congress providing for internal revenue.

In the instant appeal the defendant states that as a sovereign nation the United States cannot be sued without its consent. With this general proposition we, of course, agree. We also agree that in consenting to be sued Congress may require the plaintiff to comply with such conditions as the Congress may determine, and that Section 81.96 of Regulation 105 provides such a condition. That section requires that: "The claim must set forth in detail and under oath each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." This regulation can have but one purpose: to make it possible for the Commissioner to investigate the facts and the applicable law on which the claim is based in order that he may arrive at a correct decision as to the allowance or rejection of the claim.

The defendant now insists that under the applicable law and regulations in this case the plaintiffs were required to include in the claim for refund a specific claim for a deduction for attorneys' fees. We think the defendant would be correct in this contention if the attorneys' fees here in question were the ordinary attorneys' fees incurred in the administration of the estate. But in this case the fees involved were only for the services of attorneys whose employment was necessary in prosecuting the claim in court to compel the defendant to allow a deduction of the proceeds of the insurance policy—a deduction the defendant consistently refused to grant until after the final order of the Supreme Court denying his petition for a rehearing.

■ At the time the executor here filed a claim for a refund of the overcharge resulting from the inclusion in the estate of the proceeds of the insurance policy the executor had a right to assume that the Commissioner, after examining the facts involved in the purchase of the policy as set out in the claim, would allow the claimed deduction as the law required, rather than refuse to follow the law and thereby force the plaintiffs to file and prosecute in court an action to compel the Commissioner to allow the deduction. At the time the claim was filed by the executor the most he could have said as to the attorneys' fees here in question would have been a statement saying that the Commissioner might refuse to follow the law and allow the claimed deduction and that if the Commissioner should so defy the law, it would then be necessary for the plaintiffs to file an action in court which would involve the expenditure of additional attorneys' fees for which they would be entitled to a further deduction.

Surely neither Congress in enacting the law nor the Treasury Department in promulgating the regulation ever intended that claimants for refunds of estate taxes should anticipate and make a claim on such a remote possibility.

■ Section 81.34(b) says that a "deduction for attorneys' fees incurred in prosecuting a claim for refund should be claimed at the time such refund is prosecuted." As most commonly used in legal language the word "prosecute" means "to seek to obtain, enforce, or the like, by legal process; as to prosecute a right or claim in a court of law." Webster's New International Dictionary, Second Edition, 1953. We think the word "prosecute" was used in Section 81.34 as defined above, and that the claim for a deduction for the fees here was timely since it was made in the plaintiffs' complaint.

Since the defendant-appellant's entire argument in this appeal is based on the theory that the right of the plaintiffs to prosecute this action was conditioned on

their having included such attorneys' fees as a basis for a refund in the claim filed with the Collector the appeal must fail. It is unnecessary to discuss the other contentions of the defendant.

The supplemental judgment of the District Court granted the petition of the plaintiffs for such a judgment and therein ordered an additional refund of estate tax based on the additional expenses incurred by the plaintiffs in the appeals taken by the defendant from the court's original order. This judgment also denied the defendant's motion for relief from the original judgment and again properly retained jurisdiction of the cause for the purpose of allowing such further refunds of estate tax to which the plaintiffs may become entitled by their incurring liability for further expenses and attorneys' fees in any appeals by the defendant from the supplemental judgment.

The judgment of the District Court is Affirmed.