**William K. FRANK and Robert J. Frank, Executors under the Will of Tinnie K. Frank, Deceased, Plaintiffs,**

v.

**Stanley GRANGER, individually, and as Collector of Internal Revenue for the Twenty-third Collection District of Pennsylvania, Defendant.**

Civ. A. No. 10286.

United States District Court
W. D. Pennsylvania.
Sept. 26, 1956.

Louis Caplan, Pittsburgh, Pa., for plaintiffs.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Plaintiffs have filed a petition for a supplemental judgment in this tax refund case. The original refund claim has been allowed and paid. Plaintiffs seek an additional judgment in the sum of $2,414, with interest, which would accrue to them in the event that the court granted a deduction for attorneys' fees incurred as a consequence of the prosecution of the claim for the original refund. Defendant has moved to dismiss the petition for the supplemental judgment on the ground that the court has no jurisdiction to grant it, as not presented within the time mentioned in the Internal Revenue Code of 1954, § 7422, 26 U.S.C., and Treasury Regulations 105, Section 81.34. A brief review of the history of this case points up the present issue.

On August 28, 1946; plaintiffs, executors under the will of their mother, Tinnie K. Frank, filed a federal estate tax return for her estate with the Collector, defendant in this action. The return reflected an estate tax liability of $29,197.28. The Commissioner proposed an increased estate tax assessment against the estate largely on the theory that plaintiffs had failed to include as an asset of the estate a claim against the trustees of a trust established by the decedent's late husband of which she was the beneficiary. Plaintiffs protested that portion of the proposed increase in estate tax resulting from the Commissioner's interpretation of her interest in the trust, but the protest was disallowed, the increased assessment made, and additional estate tax paid by plaintiffs on the inclusion of the value determined by the Commissioner of the decedent's claim against the trustees.

On February 21, 1950, a claim for refund of $59,092.76 was filed by plaintiffs on the ground that the Commissioner's interpretation of the decedent's interest in the trust was erroneous, and that at her death she owed the trustees $832.18, rather than having a claim against them in the amount of $187,845.02, as claimed by the Commissioner. After due consideration of plaintiffs' claim by the Internal Revenue Agent in Charge at Pittsburgh, Pennsylvania, and other officials of the Internal Revenue Service, plaintiffs' claim was not allowed, although no formal letter of disallowance was mailed to plaintiffs. After the expiration of six months from the date of filing the claim for refund, plaintiffs instituted this action based on the theory contained in their claim for refund, namely, that the Commissioner's interpretation of the decedent's interest in the trust was erroneous. The Collector who received the payments of the additional estate tax in dispute answered the complaint, contesting

the sole proposition advanced by plaintiffs. *No claim for additional attorneys' fees was contained in the claim for refund and no claim for these fees was made by plaintiffs in their complaint.*

The trial was held to the court on July 26, 1955, at which time the parties introduced into evidence a written stipulation of facts. The plaintiffs, in addition to the stipulation, offered testimony of two witnesses and also introduced into evidence a record in the Orphans' Court of Allegheny County, Pennsylvania. The defense was based on the facts as set forth in the stipulation. Subsequently, on January 27, 1956, this court made findings of fact and conclusions of law, the conclusions being favorable to plaintiffs. The final paragraph of the adjudication was as follows:

"On notice counsel will submit an appropriate order for judgment in favor of the plaintiffs."

An order for judgment prepared by plaintiffs' attorney, although not consented to as to form by the attorney for the Collector, was signed and entered by the court on March 20, 1956. In this order, after setting forth the amount of judgment to which plaintiffs were entitled and certifying that reasonable cause existed for the collection of the tax by the Collector, the following statement was made:

"This court reserves jurisdiction for the purpose of considering and acting upon such application as may be presented by the plaintiffs within thirty days after the termination of this litigation for a supplemental judgment in favor of the plaintiffs representing a further refund in Federal Estate Tax resulting from the deduction from the decedent's gross estate of attorneys' fees incurred by the plaintiffs in the prosecution of the claim for refund and this action."

On June 19, 1956, a notice of appeal filed by the Collector was dismissed. On July 16, 1956, within the thirty day period mentioned in the order for judgment, plaintiffs filed this present petition based on the ground that the estate has incurred a deduction for attorneys' fees in the prosecution of this action in the amount of $8,500, and that because of the payment of attorneys' fees an additional refund is due in the amount claimed, that is $2,414, with interest.

In a nutshell, the position of defendant is that as the first mention of attorneys' fees is not made by the plaintiff but by the court, plaintiffs did not claim a refund on account of such fees until after judgment was entered.

Two very recent decisions are in point. See Plassey v. Kavanagh, D.C., 132 F. Supp. 1, decided June 28, 1955; and Bohnen v. Harrison, 7 Cir., 232 F.2d 406, decided April 10, 1956. In both cases the claim for additional refund was held timely. In the Bohnen case the Court of Appeals for the Seventh Circuit held that the deduction for the fees was timely since it was claimed in the plaintiff's complaint. In that case the court construed Treasury Regulation 105, Section 81.34, saying:

"Section 81.34(b) says that a 'deduction for attorneys' fees incurred in prosecuting a claim for refund should be claimed at the time such refund is prosecuted.' As most commonly used in legal language the word 'prosecute' means 'to seek to obtain, enforce, or the like, by legal process; as to prosecute a right or claim in a court of law.' Webster's New International Dictionary, Second Edition, 1953. We think the word 'prosecute' was used in Section 81.34 as defined above, and that the claim for a deduction for the fees here was timely since it was made in the plaintiffs' complaint."

In Plassey v. Kavanagh, the district court permitted an amendment to the complaint, subsequent to the trial and opinion of the court, but prior to the entry of judgment. The court reasoned that had plaintiff requested the relief in his original complaint he would be entitled to it and that in view of the liberality of the Rules of Civil Procedure, more particularly Rules 15 and

54, 28 U.S.C., and of the conceded objective that substantial justice be done, the amendment should be permitted.

In order to permit the plaintiffs to prevail on the present petition this court must go at least a step further than the courts did in either of the foregoing decisions. In this case it is my recollection that the order for the entry of judgment was prepared by plaintiffs' counsel and was entered by me as a pro forma matter, with respect to the reservation of jurisdiction to consider the fees. The order had been presented by plaintiffs' counsel a considerable period of time in advance of the date that it was signed and filed. The court awaited agreement as to its form by the United States Attorney. He did not agree to it and informed the court that he could secure no authority from Washington to do so. It is also the court's recollection that the order for judgment was not the subject of any discussion between the court and counsel. Thus the issue is squarely presented as to whether the contents of the order for judgment amounted to a claim for refund *"*  *  *  at the time such deficiency is contested or such refund claim is prosecuted,"* as provided in Section 81.34 of the Treasury Regulations. (Emphasis supplied.) It seems to this court that to hold that the petition is timely in this instance would be to entirely circumvent the provisions of the statute and regulations. It is not believed that the word "prosecute" as used in Section 81.34 can be enlarged to include the reservation made by the court in this instance.

■ In this tax case it must be kept in mind that the statute prescribes the terms under which a suit against the United States for a refund can be maintained. See Nichols v. United States, 7 Wall. 122, 130–131, 19 L.Ed. 125. It is not believed that the provisions of Rule 15 or 54 can be used as a substitute for the filing of a claim for refund as provided in the statute and Treasury Regulations.

Rule 15 permits an amendment of the pleadings to conform to the issues litigated during the course of the trial. This rule does not aid petitioner because no mention whatsoever of the deduction for attorneys' fees was made in any pleading, nor was it litigated.

Rule 54(c) states in part: "*  *  * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." If it is to be said that attorneys' fees followed the refund as a matter of law, then petitioners should have the relief prayed for in this instance, even though it was not demanded in the complaint, nor at any other time until the petition for supplemental judgment was filed.

■ The point is, however, that the steps which the law says petitioner shall take to secure a deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund are a prerequisite to granting the relief. The claim cannot be made afterward, at the latest it must be made during the time the refund claim is prosecuted. No doubt this case presents a good illustration of the reason for the strict adherence to the refund statute and regulations. In this case, the adjudication was filed, the judgment then entered, an appeal taken, the appeal dismissed, and the government paid the refund, with interest. Nevertheless, petitioners seek an additional refund. The claim for such additional refund was not timely made. Under the circumstances it follows that this court's reservation of jurisdiction for the purpose of considering and acting upon an application for a supplemental judgment representing a further refund in federal estate tax was improvidently entered.

The petition will be dismissed.