Alice H. SILVERMAN and Stanley Hinlein, Executors of the Estate of Edwin H. Silverman, Deceased,

v.

E. A. McGINNES, Late Acting District Director of Internal Revenue and presently District Director of Internal Revenue.

Civ. A. No. 19573.

United States District Court
E. D. Pennsylvania.
Jan. 10, 1959.

814

Cohen, Shapiro & Cohen, by Abraham L. Shapiro, and Philip M. Shiekman, Philadelphia, Pa., for plaintiffs.

Harold K. Wood, U. S. Atty., Norman C. Henss, Asst. U. S. Atty., Phila., Pa., Frederick G. Rita, Special Asst. to the Atty. Gen., for defendant.

KIRKPATRICK, District Judge.

The plaintiffs in this action sued to recover taxes paid, under protest, as a result of the Commissioner's inclusion of Series E bonds in the decedent's gross estate. This Court entered judgment in favor of the defendant. On appeal by the plaintiffs, the Court of Appeals, 259 F.2d 731 reversed and remanded the case.

In their complaint the plaintiffs made no claim for a deduction for attorneys' fees incurred in contesting the asserted deficiency. They now ask leave to amend their complaint and to include such claim and to take further testimony in order to establish the amount of the fees and expenses.

The regulations allow such deduction but provide that it "should be claimed at the time such deficiency is contested or such refund claim is prosecuted". The taxpayers contend that, inasmuch as the Court of Appeals has remanded the case to this court for further proceedings, the case is still being prosecuted, no final judgment having been entered.

The defendant disagrees with but cannot successfully distinguish the decisions cited by the plaintiffs in support of their position. Bohnen v. Harrison, D.C., 127 F.Supp. 232, affirmed 7 Cir., 232 F.2d 406; Plassey v. Kavanagh, 6 Cir., 132 F.Supp. 1. The liberal attitude taken by the Courts in those decisions is fully justified by the actualities of the situation. When a claim for refund is filed, it is a practical certainty that attorneys' fees will be incurred. No conceivable element of *surprise* can arise from the fact that they are not included in the claim for refund or in the complaint. Naturally, it is rarely possible to fix the amount in advance, so that the most that can be done would be to state in the claim what everyone knows, namely, that attorneys' fees and expenses will be incurred and to make an estimate of the amount which will be binding upon no one. The deduction is everywhere recognized as a proper one and should not be denied upon technical considerations of doubtful merit.

In the Third Circuit case cited by the Government (Fried v. Granger, D.C., 105 F.Supp. 564, affirmed per curiam) the taxpaper sued for refund and closed his case without producing any proof as to the value of his services. Nor does it appear that he asked leave to amend in order to do so. Of course, such an amendment could not be allowed after final judgment since the case could not be said to be then being prosecuted. See Frank v. Granger, D.C., 145 F.Supp. 370. In the present case the taxpayer is doing what was omitted in the Fried case, namely, asking to amend and to take further testimony so that the Court may have a basis for fixing the amount to be allowed.

The plaintiffs' motions are granted.