**BANKERS TRUST COMPANY and Charles C. Link, Jr., Co-Executors of the Estate of Mae Moffat, Deceased, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 249, Docket 35063.**

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1970.

Decided Feb. 22, 1971.

Daniel H. Murphy, II, Asst. U. S. Atty., S. D. N. Y. (Whitney North Seymour, Jr., U. S. Atty., and Alan B. Morrison, Asst. U. S. Atty., S. D. N. Y., on the brief), for defendant-appellant.

Joseph W. Burns, New York City (Burns, Van Kirk, Jube & Kafer, Gregory & Adams, and Julian A. Gregory, New York City, on the brief), for plaintiffs-appellees.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

Mae Moffat died on January 31, 1962, and her executors, Bankers Trust Company and Charles C. Link, Jr., filed the required estate tax return with a remittance of $523,598.78 on April 26, 1963. On January 24, 1966, the executors received a statutory notice of deficiency based on the disallowance of charitable deductions taken by the estate for certain trusts established by the decedent. The deficiency was paid on April 22, 1966 and a claim for refund filed on October 26, 1966. When no action was taken on the claim by the Commissioner, the executors commenced the present action in the district court, seeking refund of the assessed deficiency and an additional refund based on a deduction from the taxable estate for attorneys' fees incurred in the prosecution of the refund action. In a decision dated January 28, 1970, the district court determined that the charitable deductions were improperly disallowed by the Commissioner and

granted the refund, 308 F.Supp. 545. In a second, unreported decision dated March 9, 1970, the court granted the refund based on attorneys' fees, and judgment was entered on both decisions on April 10, 1970. The United States appeals the allowance of the refund based on attorneys' fees, claiming that the dollar limitation on refunds contained in 26 U.S.C. Sec. 6511(b) (2) (B) precludes such an allowance. For the reasons hereinafter stated, we affirm.

Sec. 6511(a) of the 1954 Code provides that a claim for refund of any overpayment of taxes must be commenced within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later.[1] As the refund claim in the present case was filed on October 26, 1966, it was outside the three-year limit, but it was timely within the two-year limit because the deficiency was paid on April 22, 1966. Under Sec. 6511(b) (2) (B), if the claim was not filed within the three-year period, the amount of the refund is limited to the portion of the tax paid in the two years immediately preceding the filing of the claim.[2] Because the refund allowed by the district court on the charitable deductions equalled the amount paid by the taxpayer in the two years immediately preceding the filing of the refund claim, the Government argues that Sec. 6511(b) (2) (B) precludes the refund for attorneys' fees.

It is apparent, however, that a claim for attorneys' fees in the prosecution of a refund action is not governed by the time limitations of Sec. 6511(a). Such a claim need not be set forth in the refund claim but may be asserted for

[1]. 26 U.S.C. Sec. 6511(a) provides in pertinent part:
"Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. * * *"

Under 26 U.S.C. Sec. 6501 the Commissioner has three years within which to assess a deficiency, with certain enumerated exceptions.

[2]. Sec. 6511(b) (2) (B) provides:
"If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim."

**1048**

the first time in the complaint prosecuting the claim for refund, and the complaint may be amended to reflect a request for attorneys' fees any time prior to entry of judgment. Treas.Reg.Sec. 20.2053–3.[3] See Silverman v. McGinnes, 170 F.Supp. 813 (E.D.Pa.1959); Duncan v. United States, 148 F.Supp. 264 (D.Mass.1957); Bohnen v. Harrison, 232 F.2d 406 (7 Cir. 1956); Frank v. Granger, 145 F.Supp. 370 (W.D.Pa. 1956). Thus, so long as the refund action is timely, a claim for attorneys' fees will be allowed even though made outside the time limitations of Sec. 6511(a).

■ It is logical, therefore, that Sec. 6511(b) (2) (B), which was designed to prevent stale claims based on newly concocted theories of recovery, contemplated different treatment for attorneys' fees relative to the monetary limits as well as the time limits of subsection (a). Duncan v. United States, *supra.* If the monetary limitation rule were imposed on claims for attorneys' fees, a party claiming a refund of a deficiency assessment would be entitled to recover attorneys' fees only if he failed to recover the full amount of the assessed deficiency. To protect itself the Government argues, the estate should file a protective claim

for a refund of attorneys' fees upon receiving the notice of deficiency, even though the estate has ninety days within which to pay the deficiency or file a petition for redetermination in the Tax Court, 26 U.S.C. Sec. 6213, and two years thereafter within which to file a claim for a refund. 26 U.S.C. Sec. 6532. To require the filing of such a protective claim at a time when the future necessity for incurring attorneys' fees is speculative and the amount unknown, would call for a useless act that would serve no legitimate purpose of either the Government or the estate. United States v. Bohnen, *supra*; Duncan v. United States, *supra.* It would be wrong to attribute to Congress an intent to require executors to engage in useless formalities or an intent to reach the anomalous results that would flow from a conclusion that the monetary limitation of Sec. 6511(b) (2) (B) applies to refunds for attorneys' fees.

The only other reported case which has considered this issue, Duncan v. United States, *supra,* is in accord with this determination. *Duncan* involved Sec. 910 of the 1939 Code which in all relevant aspects was the same as Sec. 6511(b) (2) (B).[4]

The judgment of the district court is therefore affirmed.

---

3. Treas.Reg.Sec. 20.2053–3(c) (2) under the 1954 Code is substantially similar to the regulation under the 1939 Code, Sec. 81.34, dealt with in Silverman v. McGinnes, *supra,* Duncan v. United States *supra,* and Bohnen v. Harrison, *supra.* The only change between the relevant portions of the two regulations is the addition of wording to make explicit what the cases found implicit in Sec. 81.34. Sec. 20.2053–3(c) (2) reads in pertinent part: "A deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund should be claimed at the time the deficiency is contested or the refund claim is prosecuted. A deduction for reasonable attorneys' fees actually

paid in contesting an asserted deficiency * * * will be allowed even though the deduction * * *, was not claimed * * * in the claim for refund."

4. The fact that Sec. 910 of the 1939 Code contained an explicit cross-reference to the 1939 counterpart of Treas.Reg.Sec. 20.-2053(3), Sec. 81.34, which Section 6511 deleted, does not distinguish *Duncan* from the present case, because there is no indication that Congress intended the deletion to have significance. Moreover, as it is clear that Sec. 2053 and its regulation govern the timing of claims for attorneys' fees, no specific cross-reference is necessary to effect such a result.