## DYSART v. UNITED STATES.

### No. 10942.

Circuit Court of Appeals, Eighth Circuit.
March 18, 1938.

Rehearing Denied April 23, 1938.

Chase Morsey, of St. Louis, Mo., for appellant.

Harry Marselli, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Harry C. Blanton, U. S. Atty., and Herbert H. Freer, Asst. U. S. Atty., both of St. Louis, Mo., on the brief), for the United States.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

STONE, Circuit Judge.

Appellant is trustee of an express trust created by the will of Alexander H. Handlan. This is an action to recover an alleged overpayment of estate taxes by the executors. From a judgment denying recovery, the trustee appeals.

In May, 1922, the executors filed an estate tax return which included real estate in Missouri; which did not include capital stock in the Handlan-Buck Manufacturing Company; and which claimed an allowable deduction of $20,000 for executors' fees. Based upon this return, the executors paid a tax of $28,036.37.

In May, 1923, the Commissioner determined an additional estate tax (including interest) of $30,209.75 based on inclusion of the Handlan-Buck stock, an increased valuation of the real estate, and a disallowance of the executors' fees as a deduction. This additional tax (less an adjustment) was paid under protest on November 23, 1923, in the sum of $29,037.70.

In June, 1924, the executors filed a claim for refund of $27,318.26 which represented the tax (with interest) paid on account of inclusion of the Handlan-Buck stock. Also therein, they expressly reserved the right to file further claim, as soon as the executors' commissions were paid, for disallowance of such as a deduction. This claim for refund was rejected on August 19, 1925.

Within proper time (August 2, 1927), this action was filed by the executors to recover the alleged overpayment resulting from inclusion of the Handlan-Buck stock in the estate and from disallowance of the executors' commissions as a deduction. Thereafter, the estate was closed and the trustee (who succeeds to the right of refund) was substituted as party plaintiff for the former executors.

Thereafter (December 19, 1934), appellant filed two separate claims for refund which were declared therein as being "an amendment to the original claim" filed in June, 1924. One of these claims was for refund of $3,755.70 caused by claimed deduction of $37,557.60 on account of executors' commissions. The other stated no amount of tax returnable but covered claimed wrongful inclusion in the taxable estate of Missouri real estate of the value of $420,176.40. No action or recognition of these two claims has been taken or given by the Commissioner.

November 5, 1935, appellant filed an amended petition wherein he claimed: (a) The inclusion of the Handlan-Buck stock was erroneous; (b) the refusal to allow deduction for executors' commissions in the sum of $37,557.60 was erroneous; (c) the refusal to exclude the Missouri real estate was erroneous. The prayer was to determine: "the amount of refund to be attributed to each amended claim for refund; that in the event the Court should ascertain, determine and decree that plaintiff is not entitled to any refund by reason of the inclusion of the 1550 shares of the capital stock of the Handlan-Buck Manufacturing Company as a part of the gross estate, that plaintiff be permitted, in the alternative, to recoup the amount of tax attributable to the erroneous inclusion of Missouri real estate as a part of the gross estate and to the erroneous refusal to allow as a deduction the amount of executors' commissions, and render judgment in favor of plaintiff and against defendant in the sum of $31,450.39, together with interest thereon at the rate of 6% per annum from the 23rd day of November, 1923, the date of the payment of said additional tax."

The action includes claims for refund as to three matters: (1) The Handlan-Buck stock; (2) the deduction for executors' fees; (3) the Missouri real estate.

### (1) Handlan-Buck Stock.

■ Proper and timely claim for refund was made for this item and this action thereon was timely filed. The question as to this matter was whether this stock should be included as part of the estate. This issue has been determined by the Supreme Court of Missouri (Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135) which held it should be so included. That determination is binding. Freuler v. Helvering, 291 U.S. 35, 43, 45, 54 S.Ct. 308, 311, 78 L.Ed. 634. The result is that there can be no refund for this item as it was properly the subject of taxation.

### (2) Executors' Fees.

■ This item is not recoverable because not covered by a timely claim for refund. This deduction was set up in the taxpayer's return. It was disallowed by the Commissioner because the fees represented thereby had none of them been paid. After the tax had been paid (under protest) on this reassessment, a claim for abatement was filed wherein it was stated that the amount of fees allowable to the executors was in dispute—the statutory amount being in excess of $25,000, while decedent had undertaken, in his will, to limit such fees to $7,500. This claim for abatement was rejected in a letter stating that a conference had been held thereon and: "The attorneys stated after the conference that at a future time a claim

would be filed by the estate for refund relative to the executors' commissions."

Thereafter and timely, the taxpayer filed a claim for refund covering the tax assessed on account of the Handlan-Buck stock. In that claim appears the following concerning the executors' commissions:

"Thereafter a claim for abatement was filed whereby it was claimed among other things that the estate was entitled to à deduction in the sum of $25,000.00 on account of Executors' fees and commissions. By a Statement II attached to the Claim for Abatement it waś shown that the amount of the Executors' commissions had not then been determined and that the commissions had not been paid. At the hearing on the claim for Abatement the representatives of the Department stated that when the amount of the commissions was determined and the commissions were paid, the claim for refund based upon the amount of the payment would be entertained by the Department.

"The Executors' commissions have not yet been determined or paid, and the Executors respectfully reserve the right to file further claim for refund after the payment of the commissions."

Also, in the protest of payment (attached to the claim for refund) appears the following: "The executors have claimed a deduction in the sum of $20,000 on account of executors' commissions, and they protest against the refusal to permit said deduction, and protest against the determination of the net estate without deducting said sum, and protest against the assessment of the tax without said deduction."

The Bureau treated the claim for refund as: "based upon the inclusion in the gross estate of the value of property transferred by the decedent during his lifetime," and rejected it "in its entirety."

Nine years after rejection of the claim for refund, a claim for refund of $3,755.70 was filed based on the statutory amount ($37,557.60) allowable for executors' fees although the claim sets forth that the only amount actually allowed and paid as such fees was $7,500. The claim was that the deductible amount was that which might have been allowed.

■ The statute, 26 U.S.C.A. §§ 1672–1673, requires a claim for refund as a prerequisite to recovery of taxes paid. This claim was not made within the statutory period and, being untimely, has no force. Nor is it an amendment of the claim for refund rejected. That claim was merely for the inclusion of the Handlan-Buck stock. True it is that, in that claim, the taxpayer served notice that as soon as the fees were paid it would apply for refund based on rejection of the deduction of the executors' fees. We need not consider whether such notice, under the then existing circumstances, might have tolled the time for filing a claim for refund for the amount actually allowed and paid until the amount of fees was subsequently paid. This claim is not of that character. It is on the precise basis of the original deduction in the tax return although it differs in amount. This claim is not for deduction of the amount actually paid nor does it show filing within a reasonable time after such payment.

Lacking the prerequisite of a timely claim for refund, no suit could be maintained for refund on this basis. United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S. Ct. 376, 75 L.Ed. 1025, and see United States v. Andrews, 58 S.Ct. 315, 82 L.Ed. ——, and United States v. Garbutt Oil Co., 58 S.Ct. 320, 82 L.Ed. ——, both decided January 3, 1938.

(3) Missouri Real Estate.

■ This item fails because of failure to file timely a claim for refund.

In matters (2) and (3), supra, appellant places sole reliance upon the doctrine of recoupment as announced in the cases of Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. Those cases are unavailing here. That doctrine is, in its nature, a defensive weapon. Because of the method of compulsory tax payment, the taxpayer is allowed (under the Bull Case) to found an action thereon. However, this does not mean that all provisions of the statutes governing refund of taxes can be brushed aside. Here the taxes were paid in 1923 and no claim for refund filed or suit brought on these two items for nine years thereafter. This was untimely from every viewpoint.

The judgment is affirmed.