### FAWCETT et al. v. UNITED STATES.
No. 25839–S.

District Court, N. D. California, S. D.
March 11, 1947.

Reginald S. Laughlin, of San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is an action by certain distributees and the executrix of a deceased distributee, of the estate of Lillian Ryan Fitzgerald, to recover the sum of $5,026.38, assessed as estate tax, with interest thereon from January 12, 1942, the date of payment. This assessment resulted from the Commissioner of Internal Revenue having included in the value of the gross estate the sum of $27,199 received during the year subsequent to the decedent's death as dividends on stock owned by the decedent. Defendant admits that this assessment was erroneous and illegal and the sole question for decision is whether the claim for refund was timely filed.

Plaintiffs filed their claim on November 16, 1945, some three years and ten months after payment of the tax, and the Commissioner rejected it on the ground that it had not been filed within the three year period provided by Sec. 910 of the Internal Revenue Code (26 U.S.C.A. Int.Rev.Code, § 910). So far as pertinent, that section provides: "All claims for the refunding of the tax imposed by this subchapter (the Basic Estate Tax) alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax."

Plaintiffs contend that since the assessment was erroneous and illegal, it falls within the provisions of Sec. 3313, Internal Revenue Code (26 U.S.C.A. Int.Rev.Code, § 3313), and their claim was timely if filed within four years from the date of payment. The pertinent provisions of that section are as follows: "All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or if any sum alleged to. have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax * * *."

In support of their position, plaintiffs rely on cases that have followed the decision of the Ninth Circuit Court of Appeals in Huntley v. Southern Oregon Sales, Inc., 102 F.2d 538. There income taxes were collected from a co-operative association that was exempt by law from taxation and the question was whether the two year limitation period provided by Sec. 322(b) (1) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev. Code, § 322(b) (1), to cover claims for refund of overpayment of income tax, or the four year limitation period covering refund claims for an erroneously or illegally collected tax, should govern. In holding that the four year statute controlled, the court drew the well recognized distinction between an "overpayment" of a tax legally due and an "illegal assessment" of a tax and concluded that since the two year limitation period applied only to an overpayment of income tax, it did not cover the case where the tax had been erroneously and illegally collected.

The Huntley case is thus clear authority for the rule that where a tax statute provides a specific limitations period within which claims for refund of an overpayment can be filed, such limitations period is not applicable to a claim for refund of an illegally or erroneously assessed tax. It would seem, however, to have no application to the instant situation since, by its very terms, the limitation period covering claims for refund of estate taxes is applicable only to those taxes "alleged to have been erroneously or illegally assessed or collected." It says nothing about "overpayments."

In the language of the Supreme Court in Rosenman v. United States, 323 U.S. 658, 661, 65 S.Ct. 536, 537, 89 L.Ed. 535, 537: "Claims for tax refunds must conform strictly to the requirements of Congress. A claim for refund of an estate tax 'alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax.' On the face of it, this requirement is couched in ordinary English, and, since no extraneous relevant aids to construction have been called to our attention, Congress has evidently meant what these words ordinarily convey."

Plaintiffs' only authority directly in point is In re Tindle's Estate, D.C., 59 F.Supp. 667, affirmed without comment in Pennsylvania Co. for Insurance on Lives and Granting Annuities v. United States, 3 Cir., 152 F.2d 757, which involved an illegal assessment of estate tax. The trial court there held Sec. 3313 with its four year limitation period applicable. However, since that decision followed Rosenman v. United States, supra, by only a few weeks, it may be that the Supreme Court case was not called to the court's attention.

In view of the language of the statute and of the Supreme Court, the court is compelled to dismiss this suit for lack of jurisdiction, the claim not having been timely filed, and it is so ordered. The respective parties will pay their own costs.