Leonard D. REEVES, Administrator of
the Estate of Thomas K. Reeves,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 14914.

United States District Court
W. D. Pennsylvania.

Aug. 22, 1957.

Robert S. Grigsby and Mead J. Mulvihill, Jr., of Mulvihill, Gollmar & Grier, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., Paul T. O'Donoghue, Dept. of Justice, Washington, D. C., for the United States.

GOURLEY, Chief Judge.

This is a suit for the refund of federal estate taxes in the sum of $4,577.73 with interest, the refund of which taxpayer alleges has been erroneously denied.

Thomas K. Reeves died on December 28, 1947. Leonard D. Reeves was duly appointed the administrator of said estate. An estate tax return was filed with the Internal Revenue Service on February 20, 1950, reporting a net estate tax due in the sum of $16,826.31.

Prior to February 20, 1950, the date the estate tax return was filed, Internal Revenue Service had examined the income tax returns of the decedent, for the calendar years 1943 through 1946 inclusive. On the basis of said examination, Internal Revenue Service determined that deceased taxpayer had overpaid his income tax for 1943 and 1946, which overpayments were reported as assets of the decedent's estate and inter alia, upon the basis of which the estate tax was paid. In view of this action on the part of Internal Revenue Service, and

with no knowledge existing on the part of the representative of the estate of deceased taxpayer that any claim was being made for additional income tax liability for any of the years 1943 through 1946 inclusive, no deduction was claimed on the estate tax return for any income tax liability of the decedent for any of the years 1943 through 1946 inclusive. Said estate tax was paid to the then Collector of Internal Revenue at the time the return was filed. An examination of the estate tax return was made by the Internal Revenue Service, and an additional assessment of $3,009.63 was proposed by letter dated April 18, 1952. Of this additional estate tax, $2312.12 was paid by the estate on July 7, 1952.

On May 29, 1952, Internal Revenue Service advised the representative of the estate in writing that a review of the income tax return of deceased, inter alia, for the years 1943 through 1946 inclusive disclosed certain adjustments or conclusions. This letter was probably the notice of deficiency assessment however; said letter specifically stated it was not a statutory notice of deficiency, and was not the assessment itself, which was not made until November 6, 1952.

Subsequent to July 7, 1952, more particularly on November 6, 1952, additional income tax assessments were made in the amount of $16,203.23 for the years 1943 through 1946 inclusive. These assessments were paid as follows: $14,398.38 on October 17, 1952, and $12,597.93 on April 10, 1953, which amounts included penalties and interest to date of payment.

Internal Revenue Service advised the Court by letter of July 25, 1957, directed to the United States Attorney, which I have incorporated as part of the record of this proceeding that it is not unusual and perfectly possible for a payment on a deficiency assessment of taxes to be made before the actual assessment of the deficiency. After a notice of deficiency has been sent and where a taxpayer decides not to file a petition in the Tax Court within the ninety-day period allowed, then, since taxpayer knows the assessment will be made in the immediate future, it is not unheard of for a taxpayer to make a payment before the assessment is actually made.

On July 6, 1955, the estate of taxpayer filed a claim for refund of estate taxes with the Internal Revenue Service, claiming that the assessments of income taxes for the years 1943 to 1946 inclusive, were properly deductible as a debt for estate tax purposes and had not been so deducted on the estate tax return, theretofore for the reason the taxpayer had no knowledge or information that additional income taxes were being claimed for any of the years 1943 to 1946 inclusive. The Internal Revenue Service determined that the estate tax had been overpaid in the sum of $6,329.85 because of the additional income tax assessments, but refused to refund more than $2,312.-12, the amount of tax paid within three years preceding the filing of the claim for refund on July 6, 1955.

There is no dispute that more than three years elapsed from the date of payment of the estate tax on February 20, 1950, and the filing of the claim for refund of estate taxes on July 6, 1955, based on the delinquency assessment and payment of additional income tax liability for the years 1943 through 1946, inclusive, which was paid subsequent to July 7, 1952. The date of the payment of said additional income tax liability for the years 1943 through 1946 inclusive being October 17, 1952 and April 10, 1953.

## Question Presented

■ When a fiduciary files an estate tax return for a taxpayer and correctly pays the estate tax due under provisions of Internal Revenue Code based on all facts and circumstances known to him, and subsequent thereto a deficiency assessment is made by Internal Revenue Service for income tax liability of deceased taxpayer for years prior to his death which would have entitled taxpayer to credits in a refund on his estate tax return, when does the three year statute of limitations commence to run

for the filing of a claim for refund for overpayment of the estate tax which is alleged was erroneously or illegally assessed under provisions of Section 910, Section 3772, Section 3774 and Section 7422 of 26 U.S.C.A., and Treasury Regulation 105, Section 81.96?[1]

Chronologically, the events which concern us occurred in the following sequence:

| December 28, 1947 | — Date of decedent's death |
|---|---|
| February 20, 1950 | — Date of estate tax paid |
| July 7, 1952 | — Date additional estate tax paid |
| November 6, 1952 | — Additional income tax liability assessed against deceased taxpayer for years 1943 through 1946 inclusive. This assessment, penalty and interest paid October 17, 1952 and April 10, 1953. |
| July 6, 1955 | — Claim for estate tax refund based on payment of additional income taxes 1943 through 1946 inclusive |

Reducing the facts to most simple expression—

Estate tax was paid February 20, 1950. No knowledge was available to the taxpayer at the time of his death or to the fiduciary of the estate when the estate tax was paid on February 20, 1950 that additional income tax lia-

1. The pertinent statutes and Regulations involved are:

"Internal Revenue Code of 1939:

"§ 910. Period of limitation for filing claims

All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund."

26 U.S.C.A. § 910.

"§ 3772. Suits for refund

(a) Limitations

(1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of an penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

26 U.S.C.A. § 3772.

"§ 3774. Refunds after periods of limitation

A refund of any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) shall be considered erroneous—

(a) Expiration of period for filing claim. If made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed; or * * *"

26 U.S.C.A. § 3774.

Internal Revenue Code of 1954:

"§ 7422. Civil actions for refund

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

26 U.S.C.A. § 7422.

Treasury Regulations 105, promulgated under the Internal Revenue Code of 1939:

"Sec. 81.96. Claim for refund.—

* * * * *

"Claims for refund of estate tax imposed by the Internal Revenue Code must be filed within three years next after the payment of the amount sought to be refunded.

bility was due by the deceased taxpayer or to be assessed for the years 1943 through 1946 inclusive. After death of taxpayer, Internal Revenue Service had made an audit of the income tax returns for the years 1943 through 1946 inclusive, several adjustments of the deceased taxpayer's liability were made prior to the fiduciary's filing of the estate tax return for the years 1943 and 1946. 'The delinquency assessment of the income tax liability for the years 1943 to 1946 made after the death of the taxpayer was made by Revenue Service on November 6, 1952. Claim for refund of estate tax liability was made to Internal Revenue Service on July 6, 1955, in which Revenue Service determined the estate tax based on additional payment of income tax liability for the years 1943 to 1946, inclusive, had been overpaid in the amount of $6,329.85, but refund was only made to the estate in the amount of $2,312.12 of said overpayment for the reason that the balance of said amount was not paid during the three years immediately preceding the filing of the claim for overpayment of the estate tax, which was paid on February 20, 1950.

Taxpayer's fiduciary filed claim for refund of estate taxes within three years from the date of the assessment and payment of the additional income tax liability for the years 1943 through 1946, inclusive. Claim for refund of estate taxes was filed with Internal Revenue Service on July 6, 1955. The statutes which contain the three year limitation period provides, inter-alia, claims for refund of taxes which are illegally or erroneously assessed or collected must be presented to the Commissioner of Internal Revenue within three years after the payment of such tax.

The determination of the question, therefore, must be resolved on the interpretation of the various acts of Congress and regulations of Internal Revenue Service which control and govern claims for refund of taxes erroneously or illegally assessed.

It should be kept in mind that Internal Revenue Service had made an audit of taxpayer's income tax returns for the years 1943 through 1946, inclusive, prior to the filing of the Estate Tax Return, and adjustments of the tax liability for said years were made and settled.

As a result of said previous audit, the formulation of the estate tax return filed on February 20, 1950, there was reported as assets on the estate tax return two income tax refunds reportedly due the estate which had been determined as a result of this prior income tax audit. However, the Internal Revenue Service, on November 6, 1952, determined that these income tax refunds reported on the estate tax return were not really due the decedent's estate, but on the contrary that the decedent owed additional income taxes to the government for those same years. The estate properly agreed that the additional income taxes were due. Since no deficiency had been assessed until some two years after the fiduciary had filed the estate tax return, the fiduciary of the taxpayer necessarily filed the estate tax return on February 20, 1950, reflecting all assets and liabilities then existing and known to the fiduciary of said estate.

It must, therefore, be considered that the estate tax assessment became erroneous or illegal on November 6, 1952, when the Internal Revenue Service assessed additional income tax deficiencies for the years 1943 to 1946, inclusive, against the taxpayer's estate since on that date the payment of the additional income tax liability for the years stated then became proper deductions for estate tax purposes.

No statute of limitations can begin to run until the cause of action has come into existence, which in the case of the instant taxpayer did not accrue until November 6, 1952.

It is apparent that any claim for refund of estate tax based on the additional income tax assessment would have met with no success had it been filed prior to the date of the assessment, November

6, 1952. Dixie Pine Products Co. v. Commissioner of Internal Revenue, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420.

It would indeed prove an anomaly were the Internal Revenue Service permitted to assert the defense of the statute of limitations by virtue of circumstances of its own making. I am of the opinion that where the knowledge is with the Internal Revenue Service, a liberal rule should be applied in the application of the statute against the taxpayer. United States v. Memphis Cotton Oil Company, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619.

The inequity and palable injustice which would arise if a taxpayer would be barred from recouping overpayment of inheritance tax or estate tax resulting from a deficiency assessment on a decedent's income tax after the statute of limitations has purportedly run for the recoupment of overpayment of inheritance tax, is obvious and not to be disputed.

█ Revenue Service should not be permitted to impose a deficiency assessment on one hand, and by reason of the belatedness of such assessment on the other hand, deprive a taxpayer of a right of recoupment to which said deficiency assessment gives rise. United States v. Herring, 4 Cir., 240 F.2d 225; Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535.

I must, therefore, conclude that an erroneous or illegal estate tax assessment could not have become apparent to the taxpayer until November 6, 1952, and that taxpayer's claim for refund on July 6, 1955 was timely and within the purview of the statute of limitations.

The Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Thomas K. Reeves died December 28, 1947.

2. The plaintiff, Leonard D. Reeves, was duly appointed Administrator of the Estate of Thomas K. Reeves.

3. On February 20, 1950, an estate tax return for the Estate of Thomas K. Reeves was filed showing a net estate tax due of $16,826.31, which tax was paid at that time.

4. An additional estate tax in the amount of $3,008.63 was assessed against the estate and $2,312.12 of that additional assessment was paid on July 7, 1952.

5. No deduction was claimed on the estate tax return for any income tax liability of the decedent for any of the years 1943 and 1946.

6. Subsequent to July 5, 1952, sometime in November, 1952, the Internal Revenue Service assessed additional income taxes, interest and penalties in the amount of $21,992.63 for the years 1943 through 1946.

7. This additional income tax assessment was paid on October 17, 1952, $14,398.39, and on April 10, 1953, $12,597.93.

8. On July 6, 1955, the estate filed a claim for refund of estate taxes, claiming that the additional income tax assessment was a proper deduction for estate tax purposes.

9. Thereafter the Internal Revenue Service determined that the estate tax on the Estate of Thomas K. Reeves had been overpaid in the amount of $6,329.85 because of the additional income tax assessment made in 1952.

10. The Internal Revenue Service refunded $2,320.28 of the estate tax to the Estate, but refused to refund the entire $6,329.85 because of the statute of limitations contained in Section 910 of the Internal Revenue Code of 1939.

11. The plaintiff filed suit on August 10, 1956, to recover the balance of the estate tax overpayment not refunded.

### Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter.

2. Plaintiff is entitled to recover the entire estate tax overpayment resulting from the income tax assessment on the theory of recoupment.

3. The claim for refund was timely filed because it was filed within three

years after the income tax assessment was paid.

4. The claim for refund was timely filed because it was filed within three years after the estate tax assessment became illegal and erroneous.

5. The claim for refund was timely filed because it was filed within six years after the cause of action accrued.

An appropriate Order is entered.