Henry N. **WALKDEN**, Executor,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13495.

United States Court of Appeals
Sixth Circuit.

May 21, 1958.

Robert Merkle, Cleveland, Ohio, for appellant.

Charles B. E. Freeman, Washington, D. C. (Charles K. Rice, Lee A. Jackson, Robert N. Anderson and George W. Beatty, Washington, D. C., Sumner Canary, Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

In this case, where an estate tax was paid in December of 1951 by the executor of a decedent's will which had been duly admitted to probate, but was superseded by a second or later will, admitted to probate on April 16, 1953, and subsequently sustained as valid in litigation, District Judge Paul Jones held that the three-year statute of limitation began to run against the claim for refund of the estate tax paid by the executor of the first will from April 16, 1953, and that the claim for refund made by the executor of the second will was barred because not made until June of 1956—more than three years from the critical date when the executor of the second will could have filed his claim for refund.

Section 7422(a) of the 1954 Internal Revenue Code, 26 U.S.C. § 7422 (a), provides that no suit or proceeding in any court for recovery of any Internal Revenue tax alleged to have been erroneously assessed or collected shall be maintained until a claim for refund has been duly filed. Numerous federal decisions have held that, in the absence of a showing of the timely filing of a claim for refund, the courts are compelled to dismiss suits for refund for lack of jurisdiction. See Dysart v. United States, 8 Cir., 95 F.2d 652, 654, certiorari denied 305 U.S. 608, 59 S.Ct. 67, 83 L.Ed. 386;

**682**

Fawcett v. United States, 9 Cir., 164 F.2d 696, affirming D.C.N.D.Cal., 70 F. Supp. 742, 743. Section 910, Internal Revenue Code of 1939 [58 Stat. 138; 26 U.S.C. § 910]; provides a limitation period of three years from payment of the tax for the refunding of taxes imposed by the applicable sub-chapter and alleged to have been erroneously assessed or collected.

We are of opinion that the judgment of the district court was correct and should, accordingly, be affirmed.