Thomas L. Wolfe, Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., for plaintiff.

Edith House, U. S. Atty. for Southern Dist. of Florida, Miami, Fla., for defendant.

The FIRST NATIONAL BANK OF MIAMI, as Successor Executor of the Estate of John P. Cassidy, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 629-62-M.

United States District Court
S. D. Florida.

Nov. 12, 1963.

DYER, Chief Judge.

THIS CAUSE came on to be heard at pre-trial conference and was submitted to the Court on stipulated facts for final adjudication.

The facts, briefly stated, are as follows:

JOHN P. CASSIDY died testate on August 10, 1956, a resident of Dade County, Florida. His Last Will and Testament was admitted to probate and, by Order of the County Judge's Court dated August 22, 1956, Letters Testamentary were issued to FLORENCE DEEGAN CASSIDY, the widow of the decedent, who duly qualified as the Executrix. The decedent had married FLORENCE DEEGAN in 1951 when he was 73 and she was 42 years of age. Commencing in 1950 and for each year

thereafter through 1956, the decedent made substantial gifts to FLORENCE DEEGAN CASSIDY, but filed no gift tax returns reporting said gifts and paid no tax thereon.

On April 15, 1957, FLORENCE D. CASSIDY, as Executrix of the decedent's estate, filed gift tax returns for the years 1950 through 1956 and paid the tax, penalty, and interest for each of the gifts which the decedent had made to her during this period. The gift taxes on the transfers made from 1950 to 1954 are not in issue before this Court. This case concerns the gift taxes and interest paid for the transfers in 1955 and 1956, which are $62,713.87 and $12,391.15, respectively.

FLORENCE DEEGAN CASSIDY died on May 6, 1958. The Plaintiff, who was named as successor Executor under the Will of JOHN P. CASSIDY, qualified as such and also qualified as Executor of the estate of FLORENCE DEEGAN CASSIDY.

On January 7, 1959, JAMES M. CASSIDY, a brother of the decedent was appointed Administrator Ad Litem of the estate of JOHN P. CASSIDY and filed a suit in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, against Plaintiff, as Executor of the estate of FLORENCE D. CASSIDY, deceased, in which he asked the Court to impress a constructive trust upon all the assets of FLORENCE D. CASSIDY, that were obtained from JOHN P. CASSIDY as gifts subsequent to January 1, 1955, on the ground that the decedent's mental and physical condition was such that he was incompetent and lacked the capacity to effect transfers of his property.

On July 29, 1960, the Circuit Court rendered its final decree in which it held that JOHN P. CASSIDY lacked the necessary mental capacity to effect a valid gift from January 1, 1955 until his death on August 10, 1956, and that the assets transferred to FLORENCE D. CASSIDY and to the joint names of JOHN P. CASSIDY and FLORENCE DEEGAN CASSIDY during said period were obtained by fraud and undue influence. The Circuit Court ordered a constructive trust be impressed upon the assets in issue and directed the Executor of the estate of FLORENCE D. CASSIDY to transfer the said assets to Plaintiff, as successor Executor of the estate of JOHN P. CASSIDY, there to become part of the latter's estate, subject to administration under his Will.

On November 4, 1960, the Plaintiff filed claim for refund of the gift taxes and interest paid with respect to the 1955 and 1956 gifts. The Internal Revenue denied the refunds on the grounds the claims were not timely filed. Plaintiff subsequently initiated the instant suit.

■ The sole question before the Court at this time is whether the Court has jurisdiction of this action when the taxpayer's claims for refund were filed more than three years after the filing of the gift tax returns and more than two years after the payment of the taxes sought to be recovered.

### STATUTES INVOLVED

Internal Revenue Code of 1954:

"Sec. 6511. LIMITATIONS ON CREDIT OR REFUND.

"(a) *Period of Limitation on Filing Claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

"(b) *Limitation on Allowance of Credits and Refunds.*—

(1) *Filing of claim within prescribed period.*—No credit or refund shall be allowed or made after the expiration of the period of limitation pre-

scribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. * * * " (26 U.S.C. 1958 ed., § 6511.)

"Sec. 7422. CIVIL ACTIONS FOR REFUND.

"(a) *No Suit Prior to Filing Claim for Refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof. * * * " (26 U.S.C. 1958 ed., § 7422.)

Plaintiff contends that the statutory limitation period of Section 6511(a) of the Internal Revenue Code of 1954 should be deemed to run from the date of the State Circuit Court decree and relies upon Walkden v. United States, 255 F.2d 681 (6th Cir.), cert. denied, 358 U.S. 825, 79 S.Ct. 41, 3 L.Ed.2d 65 (1958) and Reeves v. United States, 154 F.Supp. 673 (W.D.Penn.1957) in support thereof.

In Walkden, a Will was filed and admitted to probate, and the estate tax was paid in December of 1951. Subsequent thereto, a second Will was filed and admitted to probate on April 16, 1953; which later Will was sustained as the valid Last Will in litigation terminating on December 14, 1955. The Executor of the second Will filed a claim for refund on June 20, 1956 for the tax paid in December, 1951.

The Government contended the refund claim was untimely in that the statutory limitation period had begun to run from the date of payment in December of 1951.

The District Court rejected the date of payment as the starting date for the limitation period and held that the limitation period began to run from the date of the State Court's decision admitting the second Will to probate, to-wit: April 16, 1953. However, because the refund claim was filed more than three years from the date of the State Court's decision, summary judgment was rendered in favor of the Government.

In relying on Walkden, Plaintiff urges the Court to accept dictum by the Court which is favorable to Plaintiff's position. Since the Court found that the Plaintiff's claim for refund was barred by the limitation period in any event, it was not compelled to decide when, in fact the statutory limitation period of Section 6511(a) of the Internal Revenue Code of 1954 was deemed to have started to run.

In Reeves, the Plaintiff's reliance is misplaced, for there the Government was maintaining an inconsistent position and the Court determined that the taxpayer was entitled to maintain the action under the equitable doctrine of recoupment. This is not true in the instant case.

█ The Statute clearly prescribes the period of limitation and neither this Court nor the taxpayer can enlarge the period of limitation beyond what Congress has prescribed. Kaltreider Construction Co., Inc. v. United States, 303 F.2d 366 (C.A.3rd), cert. denied, 371 U.S. 877, 83 S.Ct. 148, 9 L.Ed.2d 114. Therefore, absent the showing of a timely filing of a claim for refund of taxes, this Court must dismiss this suit for refund for lack of jurisdiction.

This opinion will serve as the Court's Findings of Fact and Conclusions of Law under Rule 52(a), F.R.Civ.P.

Order of Dismissal will be submitted for entry in accordance with the foregoing.