**SOUTHERN CALIFORNIA FIRST NATIONAL BANK, as Conservator of the Estate of Mariano Crivello, Conservatee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 68-73-S.**

United States District Court
S. D. California.

May 12, 1969.

---

William P. Shannahan, Higgs, Jennings, Fletcher & Mack, San Diego, Cal., William E. Ferguson, LaJolla, Cal., for plaintiff.

Edwin L. Miller, Jr., U.S. Atty., Raymond F. Zvetina, Asst. U.S. Atty., San Diego, Cal., Robert Livingston, A. Jerry Busby, Attys., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

VON DER HEYDT, District Judge:

The facts of the case are not in dispute, and appear from the file, as follows:

Plaintiff is a corporation, a national bank, duly organized under the laws of the United States and authorized to operate in the State of California, having its principal place of business at San Diego. Plaintiff was appointed conservator of the Estate of Mariano Crivello by the Superior Court for the County of San Diego, State of California, on November 4, 1964, and presently is the duly appointed, qualified and acting conservator of said estate.

On or about April 13, 1963, a federal gift tax return was signed and filed by the taxpayer, Mariano Crivello, purporting to cover gifts for the calendar year 1962 in the total amount of $128,000. The donees were the taxpayer's daughter, Lena Rose Sanfilippo, her husband, Andrew, and their children, Phyllis E. and Lawrence J. Sanfilippo. Mr. Crivello paid with his return the amount of $22,112.43 as gift tax, the amount assessed by the District Director of Internal Revenue.

On November 4, 1964, Mariano Crivello was adjudicated an incompetent and the noted conservatorship was established. Thereafter, on or about August 6, 1965, Mariano Crivello's other children,

Samuel, Peter, John, and Vincent Crivello, and Esther Lattuca, filed an action on behalf of his estate in the San Diego Superior Court against Lena R., Andrew, Lawrence J., and Phyllis E. Sanfilippo. The complaint sought exemplary and punitive damages, cancellation of deeds of real property claimed to be invalid and voidable, and an accounting of transactions in money and personal property.

On February 10, 1967, a jury verdict was returned in favor of the Estate of Mariano Crivello, wherein it was adjudged that gifts of real property, securities, and cash of the approximate value of $116,000 were obtained through undue influence of the defendants. Judgment was entered on June 14, 1967.

On or about September 6, 1967, the plaintiff bank, as conservator, filed a claim with the Internal Revenue Service for refund of the $22,112.43 in gift taxes and the statutory interest thereon. No other claim for refund was or has been filed.

No action having been taken upon the claim within the statutory six months, Int.Rev.Code of 1954 § 6532(a) (1), the plaintiff, on March 29, 1968, filed this action for refund.

Cross motions for summary judgment have been filed, the parties have agreed as to the above facts, and have stipulated that the issues may be decided upon the briefs and without oral argument.

More than three years elapsed between the filing of the federal gift tax return on April 13, 1963, and the claim for refund of September 6, 1967. Defendant alleges therefore that the claim for refund was not timely filed, and this court lacks jurisdiction over the subject matter of the action. Plaintiff urges the Court to rule that the refund claim was filed within the applicable period of limitations, and that since the defendant does not deny that an overpayment was made, the plaintiff is entitled to prevail.

The pertinent statutes are as follows:

Int.Rev.Code of 1954 § 6511(a) provides:

"Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid."

Section 7422(a) provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Reading these sections literally, defendant would appear to be correct in contending that the action is barred.

Plaintiff, however, advances two major arguments:

1. That § 6511(a) *supra* does not apply to the facts of this case.

2. That, for equitable reasons, the limitations period of § 6511(a) should be adjudged to run from the time plaintiff reasonably became aware that the gift tax had been paid in error.

These contentions will briefly be discussed in the order set forth.

## I.

### § 6511(a) DOES NOT APPLY TO THE FACTS OF THIS CASE

Plaintiff reasons that § 6511(a) applies only to *taxes imposed* by Title 26 (Int.Rev.Code of 1954) under which a taxpayer is *required* to file a return, that the gifts made by Crivello were presumptively void under California law when made, O'Neill v. Dennis, 109 Cal.App.2d 210, 211, 240 P.2d 376 (1952); Webb v. Saunders, 89 Cal.App.2d 732, 735, 201 P.2d 816 (1949), and therefore the transfer was not taxable in the first instance. Thus, plaintiff argues, no tax was "imposed", and no return was required.

It is further plaintiff's position that under such circumstances the only requirement is compliance with § 6532(a)(1), the filing of a claim for refund six months prior to filing a complaint. This, plaintiff states, satisfies the requirement of § 7422(a) *supra* that the claim was "duly filed", and thus the timeliness of the claim must be determined under the provisions of 28 U.S.C. § 2401(a), the general six-year statute of limitations for suits against the United States.

■ The California rule which presumes invalidity, and upon which plaintiff here relies, is an evidentiary presumption, and it has no effect other than to place the burden of proof upon one who, being in the relationship of trust and confidence with the donor, has received a gift which later is contested. *See* O'Neill v. Dennis, *supra*. A state evidentiary rule does not control questions of federal tax liability, particularly where, as here, the questioned gift was not contested when the return originally was filed.

■ The United States Supreme Court has held that the predecessor section to § 6511 in the 1939 Code governed even where the tax had been illegally assessed and collected. Taxes illegally collected are, in law, "overpayments". Jones v. Liberty Glass Co., 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947); Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150 (1947).

■ Section 7422(a) not only requires that a claim be "duly" filed before suit, but that it be filed "according to the provisions of law in that regard", which must mean, among other things, according to § 6511(a).

■ And finally, plaintiff asks this court to determine the timeliness of its claim for refund under the six-year limitation of 28 U.S.C. § 2401(a). This section does not apply to administrative claims, but specifically to civil actions brought against the United States.

■ The Court holds § 6511(a) to apply in this case.

## II.

### FOR EQUITABLE REASONS THE LIMITATIONS PERIOD OF SECTION 6511(a) SHOULD BE ADJUDGED TO RUN FROM THE TIME PLAINTIFF REASONABLY BECAME AWARE THAT THE GIFT TAX HAD BEEN PAID IN ERROR

Plaintiff's second argument, briefly stated, is that for equitable reasons the limitations period of § 6511(a) should be held to run from the time it reasonably became aware that the gift tax had been paid in error. The record reflects that such date would be, at the earliest, November 4, 1964, the date upon which Crivello was adjudged to be an incompetent. This date is less than three years prior to September 6, 1967, when the claim was filed.

■ It is not disputed that "general principles of equity may not be applied in tax cases." Young v. United States, 203 F.2d 686, 689 (8th Cir. 1953).

However, plaintiff urges that authority exists for the proposition that where later events have created overpayment of taxes, the limitation period should be adjudged to run from the time of the later events. Walkden v. United States, 255 F.2d 681 (6th Cir. 1958); Reeves v. United States, 154 F.Supp. 673, 676 (W.D.Pa. 1957). Authority also exists to the contrary. First National Bank v. United States, 226 F.Supp. 166 (S.D.Fla. 1963), aff'd per curiam, 341 F.2d 737 (5th Cir. 1965). It is of interest that the Court of Appeals for the Ninth Circuit, United States v. Wells Fargo Bank, 393 F.2d 272, 274 (9th Cir. 1968), recognized the existence of a conflict but declined to "enter this controversy" because the claim under examination was not timely filed under *either* standard. *See also* United States v. Zacks, 375 U.S. 59, 84 S.Ct. 178, 11 L.Ed.2d 128 (1963).

The action for accounting was filed on August 6, 1965, more than 8 months prior to expiration of the original limitation period. During this time a protective claim for refund could have been filed. There is no showing that, although not formally a party to the accounting suit, the officers or employees of the conservator bank were without actual knowledge of the action and its purpose.

■ Under these circumstances, and the authority of the cited cases, sufficient reasons upon equitable grounds do not exist to justify deviation from the statutory limitation. *See* Kellogg-Citizens National Bank v. United States, 330 F.2d 635, 638 (Ct.Cl. 1964).

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. As provided by Rule 52(a), this memorandum may constitute findings of fact and conclusions of law.

Defendant's counsel may prepare an appropriate judgment form.